**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ORIENT OVEARSEAS CONTAINER LINE, LTD. | |
| PLAINTIFF, | |
| v. | Case No.: 1:22-cv-01934 |
| BNSF RAILWAY COMPANY, AND BURLINGTON NORTHERN SANTA FE, LLC, | |
| DEFENDANTS. | |

**DEFENDANTS BNSF RAILWAY COMPANY'S AND BURLINGTON NORTHERN SANTA FE, LLC'S MOTION TO STAY THIS MATTER PENDING A RULING ON THEIR MOTION TO DISMISS**

BNSF Railway Company and Burlington Northern Santa Fe, LLC (collectively "BNSF") are contemporaneously with the filing of this motion also filing a motion to dismiss this matter pursuant to F. R. Civ. P. Rule 12(b)(1), (3) and (6). As BNSF is seeking a motion to dismiss this matter based on the Court lacking personal and/or subject matter jurisdiction, BNSF should not be required to answer the complaint filed by Orient Overseas Container Lines, LTD. ("OOCL") (the "Complaint") or participate in discovery. In fact, BNSF answering the Complaint and/or participating in discovery could negatively impact its argument regarding the Court's lack of jurisdiction over this matter. Considering that BNSF is challenging the Court's ability to hear this matter based on a lack of personal jurisdiction and/or subject matter jurisdiction, this matter should be stayed until BNSF's motion to dismiss is resolved.

1

**Factual Background**

As discussed in BNSF's motion to dismiss, this matter arises from the transportation of shipments by BNSF pursuant to an agreement entered into by OOCL and BNSF, which among other things requires OOCL to file suit where the shipment originated or terminated on BNSF track. *See* Exhibit 2 to Exhibit B to BNSF's motion to dismiss at ¶ (Contract between OOCL and BNSF incorporating BNSF's intermodal Rules and Policies Guide); *See* Exhibit 3 to Exhibit B at Item Pg 42 (BNSF's intermodal Rules and Policies Guide). Here, the shipment originated on BNSF in California and terminated in Illinois such that this district is not the proper forum to hear this case Exhibit B to BNSF's motion to dismiss (declaration of Ann Mathewson).

Additionally, BNSF is not incorporated in this district, its principal place of business is not in this district nor does it operate and/or own track or facilities in this District such that Personal jurisdiction is improper over BNSF. *Id*. Further, OOCL has not been damaged and cannot establish that BNSF will be responsible for damages OOCL may suffer in the future based on the transportation of the shipment at issue in this matter. Exhibit C to BNSF's motion to dismiss confirming the underlying shipper has not sued OOCL. Therefore, this matter is not ripe for adjudication and the Court does not have subject matter jurisdiction over this matter.

**Argument**

The Court has both the discretion and authority to manage its dockets. *See* Dietz v. Bouldin, 136 S. Ct. 1885, 1982 (2016). (holding that "district courts have inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Included in that authority is the ability to stay proceedings. *See* " Int'l Watchman Inc. v. Barton Watchbands Holdco, LLC, 2021 WL 855119, *3 (N.D. Ohio March 8, 2021) (quoting Clinton v. Jones, 520 U.S. 681, 706 (1997))("Incident to that inherent authority is the 'broad

discretion to stay proceedings.'). BNSF bears the burden to establish a stay is warranted. Clinton, 520 U.S. at 709 (holding that the moving party bears the burden of demonstrating that a stay is warranted).

However, Where a motion raises an issue related to immunity from suit that would be diminished absent a stay, the stay should be granted. *See Sperberg v. Firestone Tire & Rubber Co.,* 61 F.R.D. 70, 74 (N.D. Ohio 1973) (citing C. A. Wright, Discovery, 35 F.R.D. 39, 60 (1964) and staying discovery where a challenge to jurisdiction was raised). Here BNSF has raised challenges to the Court's ability to hear this matter based on both a lack of personal jurisdiction and subject matter jurisdiction and such challenges could be waived if BNSF participates in this matter. *See Gerber, 649 F.3d at 519; Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58, 60 (2d Cir.1999)(holding that a party can waive challenges to personal jurisdiction by actively participating in a matter.) In addition, if BNSF actively participates in this matter it would expend resources unnecessarily in defending a matter in which this Court has no personal or subject matter jurisdiction and which OOCL may never pursue in the future. Accordingly, BNSF answering the complaint and participating in discovery could waive its defense to personal jurisdiction such that a stay is warranted until the motion is resolved.

Courts have considered five factors in determining if a stay is appropriate. *See Clinton*, 520 U.S. at 709 ( "(1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court."

Here, BNSF will be prejudiced if this matter proceeds as it could be deemed to waive its challenges to personal jurisdiction, will be subject to proceeding in a jurisdiction which the parties agreed would not hear this matter and it would require the expenditure of resources on a matter

which is not ripe for adjudication and may never be ripe. Therefore, a stay is warranted based on the jurisdictional challenges raised by BNSF. *See See Sperberg v. Firestone Tire & Rubber Co.,* 61 F.R.D. 70, 74 (N.D. Ohio 1973).

As for the remaining factors, the litigation has not yet begun so the parties will not be prejudiced by a stay and can preserve resources. Additionally, OOCL will not be prejudiced by a stay as the time has already passed for the underlying shipper to file suit against OOCL. Further delay will not impact OOCL's rights or obligations. As for the simplification of issues, BNSF is also seeking to dismiss OOCL's state law claims based on the preemptive effect of COGSA and the Carmack Amendment to the Interstate Commerce Act and the issues in the case will be simplified should these claims be dismissed.  Based on the foregoing a stay will limit the burden on the parties and the Court.

*Remainder of Page Intentionally Left Blank*

**CONCLUSION**

As more fully described in BNSF's Motion to Dismiss, the Court does not have subject matter nor personal jurisdiction over this matter and the case should be dismissed. Also, BNSF would be prejudiced by participating in discovery while awaiting a determination on its motion. Courts have full discretion to control their docket including staying matters, especially where, as in this case, personal jurisdiction and subject matter jurisdiction are challenged. Accordingly, BNSF requests that the Court exercise its discretion and stay this matter including BNSF's obligation to respond to OOCL's complaint or discovery until the Motion to Dismiss is decided.

Dated: February 24, 2023   **Cohen & Palombo P.C.**
By: /s/ Eric C. Palombo
Eric C. Palombo
The Times Building
32 Parking Plaza
Suite 402
Ardmore, PA 19003
Telephone: 215-609-1110
Facsimile: 215-609-1117
Email: epalombo@freightlaw.net
*Attorneys for Defendants,*
*BNSF Railway Company*
*and Burlington Northern Santa FE, LLC*

**Certification Pursuant to Local Rule 7.1(f)**

Pursuant to Local Rule 7.1(f), the undersigned certifies that this matter has not been assigned a discovery track. The undersigned further certifies that BNSF Railway Company's and Burlington Northern Santa Fe, LLC's Motion to Stay complies with the page limitation prescribed for unassigned matters.

By: /s/ Eric C. Palombo
Eric C. Palombo